983 F.2d 1074
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia WALLESVERD, Defendant-Appellant.
 No. 92-1582.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1992.*
Decided Jan. 7, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Patricia Wallesverd appeals the district court's refusal to depart downward from the applicable sentencing guidelines for coercion and duress under U.S.S.G. § 5K2.12. Because the district court applied the guidelines correctly as a matter of law, we lack jurisdiction to review the district court's decision.
 
 Analysis
 
 2
 Patricia Wallesverd was sentenced to 27 months imprisonment
 
 
 3
 on a guilty plea to one count of making premises available
 
 
 4
 for the purpose of distributing cocaine and to one count of
 
 
 5
 committing perjury before a grand jury. At sentencing, the
 
 
 6
 district court denied her request for a downward departure
 
 
 7
 from the applicable sentencing guidelines for coercion and
 
 
 8
 duress. See U.S.S.G. § 5K2.12. On appeal, Wallesverd
 
 
 9
 argues that this court has jurisdiction to review her
 
 
 10
 sentence because the district court's refusal to depart from
 
 
 11
 the guidelines stemmed from the erroneous belief that it did
 
 
 12
 not have the authority to depart downward. United States v. Poff, 926 F.2d 588, 590
 
 
 13
 (7th Cir.) cert. denied, 112 S.Ct. 96
 
 
 14
 (1991); United States v. Franco, 909 F.2d 1042, 1045
 
 
 15
 (7th Cir.1990).
 
 
 16
 We may review a refusal to depart from the sentencing
 
 
 17
 guidelines only if it was "imposed in violation of law." 18 U.S.C. § 3742
 
 
 18
 (e); United States v. Shetterly, 971 F.2d 67, 76
 
 
 19
 (7th Cir.1992); Franco, 909 F.2d at 1045
 
 
 20
 . "If the district court refused to depart because of an
 
 
 21
 erroneous belief that it lacked the authority to do so, then
 
 
 22
 we would have jurisdiction to review that legal conclusion."
 
 United States v. Helton, 975 F.2d 430, 434
 
 23
 (7th Cir.1992). However, when a refusal to depart downward
 
 
 24
 from the guidelines is an exercise of the district court's
 
 
 25
 discretion, we lack jurisdiction to review that refusal. Poff, 926 F.2d at 591
 
 
 26
 ; United States v. Franz, 886 F.2d 973, 978
 
 
 27
 (7th Cir.1989). "Therefore, we must review the record to
 
 
 28
 determine whether the district judge exercised [her]
 
 
 29
 discretion in refusing to depart from the Guidelines or
 
 
 30
 whether [she] felt that [she] lacked authority to depart." Shetterly, 971 F.2d at 76.
 
 
 31
 In arguing for a downward departure under § 5K2.12,
 
 
 32
 Wallesverd attempted to demonstrate coercion, by claiming
 
 
 33
 that her co-defendant, Fowlkes, threatened to forcibly and
 
 
 34
 illegally take her property if she did not accept packages
 
 
 35
 of cocaine for him. Although Wallesverd acknowledged that
 
 
 36
 the refusal to depart would be correct had she committed the
 
 
 37
 offense because she was in dire financial straits and could
 
 
 38
 not repay a debt owed to Fowlkes, she contends that Fowlkes'
 
 
 39
 threats were unrelated to the $12,000 she owed him.
 
 
 40
 The district court considered this argument but concluded
 
 
 41
 that Wallesverd's testimony was not credible. Furthermore,
 
 
 42
 the court found that her agreement to accept shipments of
 
 
 43
 cocaine at her business was at most the result of an
 
 
 44
 economic hardship, which is expressly excluded as a
 
 
 45
 condition of coercion or duress under § 5K2.12. In
 
 
 46
 rejecting the downward departure, the court stated:
 
 
 47
 I accept your statements that Kirt Fowlkes and Myung would be very, very dangerous people to cross, but I don't believe that you were coerced into getting into this scheme.
 
 
 48
 It had a lot of advantages for you. It was a source of cocaine, and it was a source of money, and it was a way of putting off making payments on that loan that you had taken from Kirtiss Fowlkes.
 
 
 49
 (Sentencing Tr. at 114-15).
 
 
 50
 Deference is accorded to the sentencing judge's assessment of witness credibility, and we must accept the court's factual findings unless they are clearly erroneous. Shetterly, 971 F.2d at 76; United States v. Guerrero, 894 F.2d 261, 265 (7th Cir.1990). In this case, the district judge considered Wallesverd's argument of coercion, and denied departure based on the court's determination that Wallesverd failed to demonstrate coercion or duress. Review of the sentencing transcript clearly reflects that the court was aware of its authority to depart under § 5K2.12; thus, its refusal to depart was not based on an erroneous belief that it lacked the authority to depart. Rather, the judge in her discretion, decided that the case did not warrant departure. Therefore, because the decision not to depart was the product of judicial discretion, we lack appellate jurisdiction to review, and dismiss this appeal.
 
 DISMISSED FOR LACK OF JURISDICTION
 
 51
 RIPPLE, Circuit Judge.
 
 
 52
 In my view, the appellant argues, at least in part, that the district court committed error by refusing to consider certain evidence as constituting coercion for purposes of U.S.S.G. § 5K2.12. This submission is a contention that the district court committed legal error and we have jurisdiction to consider such a claim. Accordingly, rather than dismissing the appeal for want of jurisdiction, I would affirm the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record